WILLIAM E. WOOD

*v.*

JOHN J. COX et al.

[Decided March 16th, 1921.]

1. M. entered into a written contract with W.-C. under which M. delivered, and in form leased, to W.-C. a soda machine for a period of six months at an expressed rental of $850, of which $200 was to be, and was, paid upon the execution of the agreement, the balance to be paid in sums of $100 per month, with further provision that if W.-C. should desire to purchase the leased property, M. agreed that upon payment by W.-C. of such sum as would, with previous rent, amount to the said sum of $850, M. would execute and deliver to W.-C. a bill of sale for the leased property, it being agreed that no title to the property should vest in W.-C. as lessee under the agreement.—*Held,* not a lease but a conditional bill of sale.

2. A court of equity penetrates all disguises of form, and, disregarding the shadow, grasps the substance.

3. Under *1 Gen. Stat. p. 891* (see also *Addendum to 2 Comp. Stat. p. 1561*), an unrecorded bill of sale, while good as against a receiver where there are no judgment creditors, is, nevertheless, void as against such officer where there are judgment creditors represented by him. The Conditional Sales act (*P. L. 1919 p. 461*), while approved before, did not go into effect until after the making of the contract in suit and therefore did not operate upon it.

4. There can be no relief on facts neither pleaded, proved nor admitted; and, if pleaded, they would have to be either proved or admitted.

On bill, &c. On petition for return of a chattel in the possession of the receiver of an insolvent firm.

*Mr. Charles A. Cogan* and *Mr. Francis J. Smith*, for the petitioner.

*Mr. Jonathan H. Kelsey*, for the receiver.

WALKER, CHANCELLOR.

On June 14th, 1919, Gottlieb E. Mink, trading as the G. E. Mink Company, entered into a written contract with William E. Wood and John J. Cox, partners, trading as Wood-Cox, under which Mink delivered, and in form leased, to Wood-Cox a soda machine for a period of six months, at an expressed rental of $850, of which $200 was to be paid, and was paid, upon the execution of the agreement, and the balance in sums of $100 per month, with six per cent. interest; with further provision that if Wood-Cox should desire to purchase the leased property Mink agreed that upon payment by Wood-Cox of such sums as would, with previous rent, amount to the sum of $850, which, it will be seen, is the total amount of rent, Mink would execute and deliver to Wood-Cox a bill of sale for the leased property, it being agreed that no title to the property should vest in Wood-Cox as lessee under the agreement, and that if default be made by them in keeping any of the expressed covenants in the contract to be performed by them, then the lease should forthwith cease and determine, and Mink should be entitled to repossess his chattel. This was no lease in law, but a conditional bill of sale.

*Singer Manufacturing Co.* v. *Wolff Co., 70 N. J. Law 127*, is cited on behalf of Mink as authority, to the effect that the contract here in question is a lease and not a conditional bill of sale. It does not support the petitioner's claim. The contract before me is like that in *Rapoport* v. *Rapoport Express Co., 90 N. J. Eq. 519*, in which the *Wolff Case* was noticed and distin-

guished by Vice-Chancellor Lane (at *p. 521*). The instrument relied upon in this case as a lease is as much a conditional bill of sale as was that which was before Vice-Chancellor Lane in the *Rapoport Case.*

Now, Mink agreed to sell this machine to Wood-Cox for $850, and in the same instrument stipulated that the same sum should be paid as rent, and upon full payment; if Wood-Cox so desired, Mink would execute and deliver to them a bill of sale for the machine. The terminology in the paper before me describing the document as a lease is a mere subterfuge and a palpable attempt to evade the law, as was the situation in the *Rapoport Case.* A court of equity penetrates all disguises of form, and, disregarding the shadow, grasps the substance. *Earle* v. *American Sugar Refining Co., 74 N. J. Eq. 751, 761.* I hold that the instrument *sub judice* is a conditional bill of sale and not a lease.

This being so, it is requirable that the conditional bill of sale should be recorded to be good against the judgment creditors of the vendee. *1 Gen. Stat. p. 891 § 191.* See *Addendum to 2 Comp. Stat. p. 1561.* This act was in force at the time this contract of sale was made; the Conditional Sales act (*P. L. 1919 p. 461*), while approved April 15th, 1919, which was some two months before the making of the contract in suit, did not go into effect until July 4th, 1919, which was after it was made, and therefore did not operate upon it.

This contract, however, would be good against the receiver of Wood-Cox were it not for the presence of judgment creditors. See the *Rapoport Case* (at *p. 522*) and cases cited. But there are judgment creditors before this court in this case. The bill for receiver in insolvency alleges that judgments had been recovered against Wood-Cox, and the decree *pro confesso* established the fact against the partners. It would not establish the fact as against Mink if he chose to deny it, but he has not done so.

There is no averment in the petition that the contract is recorded, or that there are no judgment creditors, or that Wood-Cox have made default in any of the covenants in the contract by them to be performed; nor are any of these facts proved by petitioner. But in an affidavit annexed to the petition it is

stated that only $300 had been paid on account, and that $550 remained due. Recovery of the machine is sought upon the theory that title resides in the vendor; that rent is in default, and that the receiver has advertised the chattel for sale.

Mink rested his case on the petition and affidavit. The receiver filed no answer and submitted no proof; nor was he required to do so in answering an order to show cause. He chose to submit the matter on the petitioner's showing, and to make the strength of the defence the weakness of the petitioner's case. There can be no relief on facts not proved to exist and which are not admitted. *Black* v. *Kelley, 23 N. J. Eq. 358.* So, as the case stands, it must be presumed that the contract, called in the petition a lease, but which in law is a conditional bill of sale, was not recorded, and, there being judgment creditors before the court whom the receiver represents, the prayer of the petitioner for return of the chattel must be denied, and the petition will be dismissed.

The balance due the petitioner having been proved before me on this application, the receiver will be directed to pay him a dividend thereon when distribution shall be ordered to be made to other creditors.