## NATIONAL GRAIN YEAST CORPORATION v. MITCHELL, Attorney General, et al.

### No. 4566.

Circuit Court of Appeals, Third Circuit.
July 7, 1931.

Walter Winne and Winne & Banta, all of Hackensack, N. J., and Semmes, Bowen & Semmes, of Baltimore, Md., for appellant.

Phillip Forman, U. S. Atty., of Trenton, N. J., and R. H. Woolsey, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, J.

In the court below the National Grain Yeast Company filed a bill against the federal officials named therein, hereinafter called defendants, to compel the issuance of a permit to it to operate an industrial alcohol plant, bonded warehouse, and denaturing plant. From the record it appears that after hearing by defendants, in which the yeast company had full opportunity to present evidence, its application was refused. On final hearing, the court below entered a decree stating that "the Court being of the opinion that the complainant herein is not entitled to the relief prayed for and that the action of the defendants in refusing to issue to the complainant the permits applied for is both reasonable and warranted and, therefore, neither arbitrary nor capricious," ordered "that the bill in this case be dismissed."

After a study of the proofs and careful consideration had we have reached the same conclusion. From those proofs it appears that Samuel Brass has invested $60,000 in the complainant company and owns practically all of its stock. He has no real estate or other assets and has no experience in making alcohol. To carry on the business he has borrowed from "friends," on his personal note, and without security, some $240,000. He has paid no interest on these loans. When requested at the hearing to disclose the names of those who furnished, without security, this large sum, he refused to do so. In view of this situation, Judge Runyon, in his opinion in the court below, held:

"After due and full consideration of the question of the application herein, I am of the opinion that the insistence of the Governmental authorities that Mr. Brass make full disclosure as to his financial backers is both reasonable and warranted.

"For, while such a permit as is here sought would doubtless be, in the hands of a careful, law-abiding citizen meticulously safeguarded, and used only in the fulfillment of that for which permission was given, the same permit in the possession of, or under the control of, one or more persons evilly-minded, might and could become a potent agency for the infraction and nullification of law.

"Therefore, it becomes the duty of those to whom control of the manufacture of this necessary and yet troublous commodity is confided to ascertain as fully as possible each and every interest which may be involved in such production."

We agree therewith. Permits issued to make and vend alcoholic commodities should only issue to those in whose character confidence exists, and it is the right of those responsible for their issuance to insist upon knowing, and it is the duty of every applicant to disclose, inter alia, all those interested in the venture. Where this duty of full and frank disclosure on the part of the applicant is refused, as was here done, the applicant's own action affords ground for the refusal to grant a permit.

The decree below is affirmed.