**NEWARK BAY CEREAL BEVERAGE CO., Inc., v. WYNNE, Supervisor of Permits, et al.**

**No. 4716.**

Circuit Court of Appeals, Third Circuit. Feb. 29, 1932.

Frederic M. P. Pearse, of Newark, N. J., for appellant.

Richard H. Woolsey, of Philadelphia, Pa., for appellee Supervisor of Permits.

Edward C. Dougherty, of Philadelphia, Pa., and Phillip Forman, U. S. Atty., of Trenton, N. J., for appellee Doran.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court affirming the action of the supervisor of permits in refusing to issue a permit to the appellant to manufacture cereal beverages of less than one-half of 1 per cent. of alcoholic strength by the process of dealcoholization authorized by section 37, title 2, of the National Prohibition Act (27 USCA §§ 57–60), for the year 1931.

The appellant applied for a renewal of its permit for the year 1931. The application was disapproved by the supervisor of permits on the ground that it was not entitled to the further confidence of the government on account of the way it had conducted its business under its permit for 1930. At the same time the supervisor notified the appellant that it might on application have a hearing before the supervisor and produce such evidence as it believed would alter his decision. The letter containing the disapproval of the supervisor was written on December 19, 1930. Instead of applying for a hearing before the supervisor, the appellant, on January 9, 1931, filed in the District Court a bill of complaint against the supervisor and James M. Doran, commissioner of industrial alcohol, and prayed for a review of their action in refusing the renewal of its permit. On January 13, 1931, a hearing was had before the District Court, and thereupon the court entered a decree ordering the supervisor to issue a permit to the appellant to manufacture cereal beverages "pend-ing a hearing and final conclusion on said application by defendants and until the further order of this court." The supervisor issued the permit as ordered and began hearings which were had before him intermittently from February 9, to May 25, 1931.

Only one officer of the appellant company, Mr. Terrence Sweeney, appeared at the hearings, and he refused to disclose the source of the corporate funds of the company and information as to the conduct of the appellant's business.

The supervisor concluded that "the application was not made in good faith for the purpose of conducting a legitimate business," and so refused to issue a permit.

Thereupon the supervisor filed in the District Court a petition for the dissolution of the injunction of January 13, 1931, together with the testimony, the findings of the hearer, and his conclusions. Upon the return of the rule to show cause, the court vacated the order and terminated the temporary permit. The beverage company appealed to this court.

The ground upon which the supervisor principally relies to sustain his action in deciding "that the applicant was not entitled to a permit" was its refusal to disclose the source of its corporate funds. The supervisor wanted to know the character of the people back of the corporation. This, in his judgment, had an important bearing upon the question of whether or not the company was entitled to the confidence of the government and a permit. Judge Runyon and this court in the case of National Grain Yeast Corporation v. Mitchell, 51 F.(2d) 500, held that the insistence of the government upon having a "full disclosure as to his [applicant's] financial backers is both reasonable and warranted."

But the appellant says that that case is not controlling in this case for the reason that the source of the financial backing in this case was withheld because it was not within the issues raised by the pleadings; that the appellant alleged in its bill that the action of the supervisor in disapproving the application for the permit was arbitrary and capricious; that the supervisor in its answer not only joined issue on this allegation, but went further and averred that throughout the calendar year 1930 the appellant had "sold and disposed of beer of an illegal alcoholic content"; that the appellant joined issue on this allegation, and this was the issue in the court, and on that particular issue evidence as to the source of the corporate

funds of the company was inadmissible. Munday v. Vail, 34 N. J. Law, 418; Reynolds v. Stockton, 43 N. J. Eq. 211, 214, 10 A. 385, 3 Am. St. Rep. 305; Wood v. Cox, 92 N. J. Eq. 307, 113 A. 501.

If the proceedings in the District Court stood alone, there would be merit in the appellant's contention. But, in addition to the action in the District Court, the proceeding before the supervisor was going on and the issue in each case was different. The admissibility of evidence depends upon the question at issue, and what might be admissible in the one proceeding might not in the other. The appellant had been notified that it had lost the confidence of the government but that it might apply for a hearing at which it would have an opportunity to submit evidence to restore the government's confidence in it. The injunctive order of the court of January 13, 1931, was only temporary, and was to continue "pending a hearing and final conclusion on said application" by the supervisor. The action of the court presumed that the proceedings before the supervisor would continue. These two proceedings were separate and distinct.

The restoration of the confidence of the government in the applicant was the purpose of the hearing before the supervisor, and in that proceeding, which was reviewed by the District Court and is on appeal here, the source of corporate funds was pertinent and within the lax and informal pleadings. Hence the case of the National Grain Yeast Company is apposite and controls this case.

[3] The burden of showing that the applicant was entitled to be intrusted by the government with a permit was on it. Chicago Grain Products Co. v. Mellon (C. C. A.) 14 F.(2d) 362; Yudelson v. Andrews (C. C. A.) 25 F.(2d) 80; Campbell v. Galeno Chemical Co., 281 U. S. 599, 50 S. Ct. 412, 74 L. Ed. 1063. This burden it did not bear, and so the decree of the District Court is affirmed.